**NATCHEZ DRUG CO. v. BELL et ux.**

**No. 4621.**

Court of Appeal of Louisiana. Second Circuit.

Dec. 1, 1933.

Berry & Berry, of Winnsboro, for appellant.

E. B. Moore, of Winnsboro, for appellees.

TALIAFERRO, Judge.

Plaintiff sues W. O. Bell for an amount due on open account, coupling therewith an attack upon the validity of a judgment of separation of property between defendant and his wife, Ella B. Bell.

It is alleged that said judgment of separation of property was rendered on June 30, 1930, at which time the account sued on was in existence; that the judgment was obtained as the result of fraud and collusion of the said W. O. Bell and his wife, and for that reason null and void; that the suit was never regularly filed and docketed, nor were the creditors of W. O. Bell afforded an opportunity to intervene therein or oppose rendition of said judgment. It is further alleged that the judgment is null and void because:

(1) It has not been executed by the payment of the alleged rights and claims of the wife, made to appear by an authentic act, as far as the estate of the husband can meet them, etc. Article 2428, C. C.

(2) It has not been published as required by law.

There are additional allegations to the effect that Mrs. Bell never owned or acquired any property which could be appropriately designated as her separate or paraphernal estate; that her only business was that of housewife for her husband; and there is a blanket allegation, after recital of the various irregular and illegal acts of defendants, in connection with the suit culminating in the judgment assailed, that "all of which was done in fraud of the rights of the creditors of W. O. Bell and especially your petitioner."

Plaintiff prays that the judgment of separation between Bell and his wife be decreed null, and that all of the property now standing in the name of either defendant be adjudged community property and subject to payment of the debts of W. O. Bell, and that the moneyed judgment prayed for herein against him be decreed executory against all of the property now standing in the name of either defendant.

Mrs. Bell filed exception of no cause and no right of action on April 23, 1931, and the minutes of that day show that it was taken up and tried. The minutes of May 18, 1931, state that "an exception of no cause or right of action" was taken up and tried and submitted to the court. Five days were allowed for filing briefs. The minutes also disclose that on September 17, 1931, an exception of no cause of action was filed, presumably by Mrs. Bell, and overruled; while the minutes of January 17, 1933, show that the exception of no cause of action "previously tried and submitted" was sustained. However, there is but one exception in the record. There is in the record a judgment dated January 17, 1933, sustaining an exception of no cause of action "filed by the defendant," and dismissing plaintiff's suit. This judgment does not disclose who filed the exception thus sustained, but as the court and the counsel of both sides continued to deal with the case as though Bell was

still a defendant therein, we assume that the case was dismissed as to Mrs. Bell. In the final judgment in the case, wherein a moneyed judgment was awarded plaintiff, it is decreed "that plaintiff's action of nullity against the judgment of separation from bed and board of the said Ella B. Bell and W. O. Bell" be rejected. This reference was evidently intended to be directed to the judgment of separation of property, and we shall so treat it. This final judgment does state that the suit as to Mrs. Bell had been previously dismissed on an exception of no cause of action filed by her. This action of the court finally and completely eliminated Mrs. Bell from the case so far as the lower court was concerned. W. O. Bell made no appearance in the case; filed no answer.

Plaintiff prosecutes this appeal.

■ In this court the only question argued is whether plaintiff's petition discloses a cause of action against Mrs. Bell.

The petition does not definitely disclose that Bell has conveyed any or all of his property to his wife in pursuance of the fraudulent purpose and design imputed to them by plaintiff. In fact, it is charged that the judgment of separation of property is null and void because the decree had not been executed by such a transfer as required by article 2428 of the Civil Code. Therefore, so far as the record discloses, Bell may yet own in his own name an abundance of property subject to the pursuit of his creditors. It is not alleged that he is insolvent. While the petition charges that the judgment of separation of property between defendants was secured by their fraud and collusion, yet it is not charged expressly or inferentially that plaintiff has been injured thereby, or that it cannot collect from Bell the account he owes it.

The suit of Mrs. Bell against her husband is not in the record. It was not made a part of the petition. We are left to conjecture from general references thereto in the petition, its nature and purport. It is not alleged that she secured a moneyed judgment against him.

It may be that plaintiff's rights have been prejudiced by this suit between these defendants, and that by appropriate action the judgment and all acts by them pursuant to it could be annulled as a fraud against plaintiff's rights, but under the allegations of the petition, giving them a most liberal construction, the matter cannot be inquired into over the objection of Mrs. Bell. More definite and specific allegations, showing that the fraud complained of and the effects flowing therefrom have worked injury to plaintiff, will have to be made.

■■ Every act of a debtor, though done for questionable purposes, or from fraudulent motives, may not be set aside at the instance of his creditors. It is only such acts

of the debtor that work injury or loss to his creditors that they may complain of and invoke the court's aid in annulling to the end that the wrong done them may be rectified. In such a case the creditor must allege specifically the facts constituting the fraudulent acts assailed, the injury sustained by him as a result thereof, and support such allegations by convincing proof before he is entitled to relief.

██ The judgment of the lower court in favor of Mrs. Bell is correct. The issue of fraud and collusion between her and her husband, in connection with the obtention of the judgment of separation of property between them, and its alleged invalidity in other respects, could not be properly passed on by the court unless both parties were before it. If this were not true a situation could be presented wherein the attacked judgment could be upheld as to one and annulled as to the other. All persons to a fraudulent transaction, the annulment of which is sought in court, should be made parties thereto.

█ Sustaining of the exception of no cause of action in effect amounted to a nonsuit of plaintiff's case against Mrs. Bell. It should not serve as the basis of res adjudicata. The final judgment rejects plaintiff's demand as against Mrs. Bell. That would tend to indicate that the issue raised by the exception was finally foreclosed by this decree. We are sure that was not the lower court's intention. The record otherwise disproves such an inference.

For the reasons herein assigned, the judgment of the lower court sustaining the exception of no cause of action filed on behalf of Mrs. Bell is affirmed; plaintiff's right to attack the judgment of separation of property between defendants in a proper suit against them is reserved to it; except as amended hereby, the judgments appealed from are affirmed.